**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ANDREW E. ROTH,**<br><br>**Plaintiff,**<br><br>v.<br><br>**FORIS VENTURES, LLC, VALLEJO VENTURES TRUST U/T/A 2/12/96, L. JOHN DOERR, ANN DOERR, AND BARBARA HAGER.**<br><br>**Defendants.** | Case No.: 21-CV-4288-YGR<br><br>**ORDER GRANTING MOTION TO STAY PENDING APPEAL**<br><br>Dkt. No. 67 |

On August 19, 2022, the Court issued an order granting defendants Foris Ventures, LLC ("Foris"), Vallejo Ventures Trust ("VVT"), John Doerr ("J. Doerr"), Ann Doerr ("A. Doerr") and Barbara Hager's ("Hager") (collectively, "defendants") motion to certify for immediate interlocutory appeal one question decided in a previous order decided by the Court: whether SEC Rule 16b-3(d) ("the Rule") has a purpose-specific approval requirement, either generally, or, as in this case, for a transaction between an issuer and a company in which a director or officer has a reportable pecuniary interest. (Dkt. No. 65, Order Granting Defendants' Motion to Certify the Order for Immediate Interlocutory Appeal, "Court's Order," at 4.) Defendants now request, pursuant to Section 1292(b), that the Court stay this case pending defendants' interlocutory appeal.

After carefully considering the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the motion to stay this case pending appeal.[1]

\* \* \* \* \*

A court has discretion to stay a case pending appeal. *Niken v. Holder*, 556 U.S. 418, 421, (2009). No party has a right to a stay; rather, the party seeking the stay has the burden to show that

---
[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for decision without oral argument. Thus, the October 25, 2022 hearing is hereby **VACATED.**

circumstances justify the exercise of discretion. *Id.* at 433-34. The court considers four factors in exercising its discretion: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparable injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 426; *F.T.C. v. Qualcomm Inc.*, 935 F.3d 752, 755 (9th Cir. 2019). The court weighs these factors using a "sliding scale" approach, where "a strong showing of one element may offset a weaker showing of another." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011).

### 1. *Likelihood of Success/ Serious Legal Questions*

The first factor requires a party to show a "reasonable probability" or "fair prospect" of success, or a "serious legal question" but not that the success is "more likely than not." *Leiva - Perez*, 640 F.3d at 966. Given the Court's previous finding that defendants' appeal would present "novel and difficult questions of first impression . . . that have not been addressed by the Ninth Circuit, nor any other district court in the Ninth Circuit," the Court finds that defendants' appeal at least raises serious legal issues that have "wide-ranging practical effects." (Court's Order at 4.) Accordingly, the first factor weighs in favor of granting a stay.

### 2. *Irreparable Injury to Defendants*

To show irreparable harm, defendants must demonstrate "probability," not merely "possibility," of irreparable injury. *Nken*, 556 U.S. at 434-35. Here, defendants identify only the time and expense of litigating the case and the "disrupt[ion] [of] their normal business operations" as "irreparable" injury. Courts routinely reject such arguments. *See, e.g.*, *Bally v. State Farm Life Ins. Co.*, 2020 WL 3035781, at *5 (N.D. Cal. June 5, 2020); *Adams v. Postmates, Inc.*, No. 19-3042 SBA, 2020 WL 1066980, at *5 (N.D. Cal. Mar. 5, 2020); *Dekker v. Vivant Solar, Inc.*, No. C 19-07918 WHA, 2020 WL 2322916, at *2 (N.D. Cal. May 11, 2020); *Dunson v. Cordis Corp.*, No. 16-cv-03076-EMC, 2016 WL 10679457, at *3 (N.D. Cal. Nov. 8, 2016). The Court does so here. Moreover, defendants have not provided any explanation of how continuing to litigate this case would disrupt their normal business operations. Thus, this factor weighs against a stay.

### 3. *Injury to Plaintiff and Public Interest Factor*

The third and fourth factors overlap so the Court addresses them collectively: injury to other parties and public interest. Defendants argue that plaintiff will not be "substantially injured" by a stay because this action is a derivative action brought for the benefit of the company, and the company here is seeking the stay. Plaintiff does not dispute this point.

Given the novelty of the issue and the impact of the legal decision on the resolution of this case, continuing the litigation would merely prolong the eventual appellate review of that narrow issue. Thus, this factor also weighs in favor of a stay.

\* \* \* \* \*

Rarely has the Court granted these kinds of motions. However, on balance, the Court finds that defendants have met their burden. Accordingly, the Court **GRANTS** defendants' motion to stay this case pending appeal.

For administrative purposes only, this case is closed pending resolution of the appeal. The parties shall file a joint status report indicating how they would like for the case to proceed within fourteen (14) days from the date of the Ninth Circuit's order.

This order terminates Docket Number 67.

**IT IS SO ORDERED**.

Date: October 18, 2022

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

3